First Wisconsin Trust Company, Respondent, vs. Johnson, State Treasurer, Appellant.

*February 10—March 8, 1921.*

*Banks and banking: Trust company banks: Consolidation: Deposit of securities with state treasurer by consolidated company: Amount required.*

Under sec. 2024—77rr, Stats., in spite of seeming conflict arising from the broad terms used, on the consolidation of two trust company banks the new corporation takes the place of the old companies, and, succeeding to their assets and assuming their liabilities, succeeds to the ownership of the securities deposited by them under sec. 2024—77j with the state treasurer, and need not deposit additional securities, but may withdraw from those theretofore deposited all exceeding the maximum $100,000 deposit required of such a company however large its capital.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Prior to August, 1919, two trust company banks were existing and transacting business as such in the city of Milwaukee. Each had duly complied with the provisions of sec. 2024—77j, Stats., providing for the deposit of an indemnity fund with the state treasurer for the faithful execution of any trust which might be lawfully imposed upon and accepted by them.

The First Trust Company then had a capital stock of $300,000 and a surplus of $200,000. The Wisconsin Trust Company had a capital stock of $500,000 and a surplus of $300,000.

Pursuant to due proceedings by the two companies and under sec. 2024—77rr, Stats., a consolidation was effected in August, 1919. The articles of association of the Wisconsin Trust Company were modified by changing the name to the *"First Wisconsin Trust Company."* The capital stock was made $800,000, and its surplus fixed at $500,000. The shareholders of the two trust companies were to surrender

their respective certificates of stock in exchange for certificates of the new company, share for share.

Negotiations were then had with the defendant state treasurer to have delivered to such *First Wisconsin Trust Company,* plaintiff herein, the securities in excess of the face value of $100,000 thereof which were then in the hands of the state treasurer and theretofore deposited with him by the two trust company banks, and also that the ownership in the remaining $100,000 of such securities be recognized as in the plaintiff. Such negotiations being of no avail this action was brought. The defendant answered admitting all of the allegations of the complaint and praying judgment for dismissal thereof.

Upon such pleadings the parties moved for judgment in their favor respectively. The court made his findings of fact and conclusions of law upon such motions and directed judgment in favor of the plaintiff. From such judgment the defendant has appealed.

The portions of the statute deemed material for consideration in this matter are as follows:

"*Indemnity fund; deposit with state treasurer.* Section 2024—77j. Before any such corporation shall commence business it shall deposit with the state treasurer not less than *fifty per centum* of the amount of its capital stock, provided, however, that no such corporation shall be required to deposit *more than one hundred thousand dollars,* such deposit to be in cash, bonds, or mortgages, . . . which cash, bonds, mortgages, or notes and mortgages, or public stocks or bonds shall be approved by the commissioner of banking and *shall be held by the state treasurer in trust as security for the faithful execution of any trust which may be lawfully imposed upon and accepted by it;* such corporation may from time to time withdraw the said securities as well as the cash, or any part thereof; provided that securities or cash of the amount and value required by this section shall, at all times, *during the existence of such corporation remain in the possession of the state treasurer for the purpose aforesaid and until otherwise ordered by a court of competent jurisdiction.* The said treasurer shall pay over to such

corporation the interest, dividends, or other income which he shall collect upon such securities, or he may authorize the said corporation to collect the same for its own benefit. Upon such deposit being made and approved, the state treasurer shall issue a certificate of such fact and an amount equal to the sum stated in such certificate shall remain with him in the manner provided above; *in case the capital stock shall be increased or diminished the amount of such deposit shall be increased or diminished to comply herewith and a new certificate of such fact shall be issued accordingly."*

"*Corporate powers.* Section 2024—77k. Any such corporation shall have the following powers: . . .

"(6) Any such corporation shall have power, in and by its corporate name, to take, receive, hold, pay for, reconvey, and dispose of any effects and property, real or personal, which may be granted, committed, transferred, or conveyed to it with its consent, upon any terms, or upon any trust or trusts at any time, by any person or persons, including married women and minors, bodies corporate, or any court, including the courts of the United States, and to administer, fulfil, and discharge the duties of such trust or trusts for such remuneration as may be agreed upon. . . ."

"*Trust funds; accounts, how kept.* Section 2024—77m. Every such corporation shall keep its trust accounts in books separate from its own general books of account. All funds and property held by it in a trust capacity shall, at all times, be kept separate from the funds and property of the corporation, and all deposits by it of such funds in any banking institution shall be deposited as trust funds to its credit as trustee, and not otherwise. Every security in which trust funds or property are invested shall, at once, upon the receipt thereof, be transferred to it as trustee, executor, administrator, guardian, receiver, assignee, or other trustee as the case may be for each particular trust or fund by name and immediately entered in the proper books as belonging to the particular trust whose funds have been invested therein. Any change in such investment shall be fully specified in and under the account of the particular trust to which it belongs, so that all trust funds and property shall be readily identified at any time by any person."

"*Consolidation of trust company banks.* Section 2024—77rr. (1) Any trust company bank organized, continued or reorganized under this subchapter may consolidate with

any other similar corporation within the same county, city, town or village in the *manner provided for the consolidation of banks* under section 2024—28*n; and in the event of such consolidation the consolidated corporation, by whatever name it may assume or be known, shall be a continuation of the entity of each and all of the corporations so consolidated for all purposes whatsoever, including* holding and performing any and all trusts and fiduciary relations of whatsoever nature of which the corporations so consolidating, or either or any of them, was fiduciary at the time of such consolidation, and also including its appointment in any fiduciary capacity by any court or otherwise, and *the holding, accepting and performing of any and all trusts and fiduciary relations whatsoever as to or for which either or any one of the corporations so consolidating may have been appointed, nominated or designated by any will or conveyance or otherwise, whether or not such trust or fiduciary relation shall have come into being or taken effect at the time of such consolidation.*"

"*Consolidation of banks.* Sec. 2024—28*n.* (1) That any two or more banks located within the same county, city, town or village may, with the approval of the commissioner of banking, consolidate *into one bank under the charter of either existing bank* on such terms and conditions as may be lawfully agreed upon by a majority of the board of directors of each bank proposing to consolidate and be ratified and confirmed by the affirmative vote of the stockholders of each such bank owning at least two thirds of its capital stock outstanding. . . .

"(2) The bank or banks consolidating with another bank under the provisions of the preceding subsection shall not be required to go into liquidation but their assets and liabilities shall be reported by the bank with which they have consolidated; and all the rights, franchises and interests of said banks so consolidated in and to every species of property, personal and mixed, and choses in action thereto belonging, shall be deemed to be transferred to and vested in such bank into which it is consolidated without any deed or other transfer, and the said consolidated bank shall hold and enjoy the same and all rights of property, franchises and interests in the same manner and to the same extent as was held and enjoyed by the bank or banks so consolidated therewith.''

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general,' and oral argument by *Mr. Brossard.*

For the respondent there was a brief by *Miller, Mack & Fairchild,* and oral argument by *James B. Blake,* all of Milwaukee.

Eschweiler, J.   It is conceded that the statutory requirements were properly carried out and the plaintiff became a lawfully organized trust company bank.

The defendant contends that the language of sub. (1). sec. 2024—77rr, Stats., *supra,* providing that such consolidated corporation "shall be a continuation of the entity of each and all of the corporations so consolidated for all purposes whatsoever," so fixes and preserves the former corporate entities of the two trust company banks. that the respective deposits by such former corporations of $100,000 worth of securities with the state treasurer must continue to be held for such corporate entities to the same effect and purpose as before such consolidation.

It is argued that if by the provision quoted above there be now and hereafter sufficient warrant and authority for the corporation which has resulted from the consolidation to step into and fill any trust positions to which either of said prior corporations had been theretofore or shall thereafter be appointed or designated as completely as might have such respective prior corporations, it must then necessarily follow that by preserving such a right a corresponding obligation must continue to keep and preserve, for such prior corporate entities, the securities theretofore required of and deposited by them.   Defendant also lays stress upon there being substantial distinction recognized by the several statutes providing for the consolidation of such trust company banks under sec. 2024—77rr, Stats., and for the consolidation of banks under sec. 2024—28n, viz. that as to the trust company banks there is express provision for a continuation of

the entity of each of the corporations so consolidated and none as to such banks. He also argues that, there being no express authority for the withdrawal of such deposited securities by either of the old corporate entities upon such consolidation or by the new corporation thereafter, there is thereby indicated a legislative intent requiring the continued holding of such respective deposits for such prior and thereafter continued corporate entities. And from either or all of these suggestions, therefore, that the defendant is in duty bound, under the provisions of the statute (sec. 2024—77*j*, *supra*) providing for such deposit of securities, to continue to hold the same until, as therein provided, he is otherwise ordered by a court of competent jurisdiction.

The situation presented is a peculiar one and we have no help in its solution from any decisions of this or other jurisdictions. Such authorities as *Central R. & B. Co. v. Georgia,* 2 Otto (92 U. S.) 665, and *Bergdorf's Will,* 206 N. Y. 309, 99 N. E. 714, as to the effect of consolidation or merger of corporations, are under statutes different from those before us and are therefore not persuasive either way in the present problem.

We think the trial court was right in the determination at which he arrived and for the following reasons: The amount of such securities required from any trust company bank is fixed ratably as to the capital stock up to the maximum of $100,000. Such securities are not pledged for any particular trust or trusts but for the general performance of its trust obligations, so that no particular *cestui que trust* has at any time a fixed or particular interest therein. While no provision is made for the withdrawal of the former deposits upon such consolidation, neither is there any provision that such consolidated trust company bank shall make a new deposit of securities. To require these two separate deposits to be so continued, as contended for by the defendant, and to prevent the present new trust company bank from having any recognized ownership therein, would of necessity and

logically require it, in order to lawfully do business under sec. 2024—77$j$, Stats., to make a new and separate deposit of $100,000 in securities. Evidently it must either be in a position to assert title to the securities which belonged to the prior corporate entities or else now deposit new and additional securities. To so require plaintiff as such new trust company bank to make such new and separate deposit as a condition precedent to its lawfully commencing business under the said statute does not seem a justifiable construction.

The evident primary purpose of sec. 2024—77$rr$ is to authorize one company, after such consolidation, to exist for all the practical purposes of such an organization where two or more existed before. It is to lessen the number rather than continue the same, otherwise the consolidation is quite an idle formality.

It is also quite apparent that the purpose of sec. 2024—77$j$, *supra*, is to provide that such an organization shall give substantial assurance to its present and prospective patrons that it will faithfully perform the trusts it undertakes and that such assurances shall be held and safeguarded by an official of the state.

We think the substantial benefits and purposes of both the statutory provisions here in question can be best preserved, in spite of the seeming conflict arising from the broad terms used in the later of the two statutes, sec. 2024—77$rr$, by holding, as we now do, that the new corporate entity, the plaintiff in this case, succeeding as it does to the assets and assuming the liabilities of both the old entities, also succeeds to the ownership of the securities in the hands of the defendant state treasurer and is entitled to also claim the benefit of the limitation fixed by the statute as to the maximum amount of such securities so required.

It follows therefrom that the judgment of the court below must be affirmed.

*By the Court.*—Judgment affirmed.